UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JIHAD WILLIAMSON,

          Plaintiff,

     v.

S.C.O. APONTE, *et al.*,

          Defendants.

Civil Action No. 19-19153 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on the Report and Recommendation (the "R&R") of the Honorable Tonianne J. Bongiovanni, U.S.M.J. ("Judge Bongiovanni"), regarding Plaintiff Jihad Williamson's ("Williamson") failure to comply with discovery requests and the Court's corresponding orders. (R&R, ECF No. 24.) The R&R provided the parties with notice that under Federal Rule of Civil Procedure 72(b)(2),[1] they had fourteen days from the date of receipt of the R&R to object. (R&R 6.) Williamson did not object within those fourteen days.[2] Today, the Court independently reviews the record and the R&R and, finding no clear error, adopts Judge Bongiovanni's recommendations. *See Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (explaining that "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the

---

[1] Hereafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[2] The certified mail receipt showing that the R&R was mailed to Williamson was filed on the docket on February 23, 2022. (ECF No. 25.)

recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes)).[3]

Look no further than the R&R to observe the numerous attempts made by the Court and Defendants to engage Williamson in his own litigation. (*See generally* R&R.) These attempts include an Order to Show Cause entered on December 1, 2021 directing Williamson to show cause in writing, by January 6, 2022, as to why the Court should not enter an order recommending that this matter be dismissed with prejudice. (ECF No. 21.) Par for the course, Williamson declined to respond to the Court's Order to Show Cause and did not feel it necessary to answer Defendants' discovery requests—much less issue any discovery requests of his own. (R&R 3.) Simply put, Williamson lost interest in his own suit. The R&R sets forth the legal standards Judge Bongiovanni applied in evaluating Williamson's dilatory behavior. (*See id.* at 3-4.) After a careful analysis, Judge Bongiovanni recommends dismissing Williamson's case with prejudice.

To begin, the R&R appropriately considers the authority of the Court to impose sanctions for failure to provide discovery, comply with court orders, or prosecute a case under Rules 37(b)(2) and 41(b). (*Id.* at 3.) When considering an involuntary dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors are (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d. at 868. No single factor is dispositive, and a district court may dismiss an action *sua sponte* even if some of the *Poulis* factors are not met pursuant to the Court's inherent powers and Rule 41(b). (R&R 4 (citations omitted).)

---

[3] The Court notes that it would reach the same decision under a de novo review of the record.

As to the first factor, Judge Bongiovanni found that Williamson bore sole responsibility for his actions (or lack thereof) in this matter. (*Id.* at 4.) The Court and Defendants attempted to reach Williamson for over a year to no avail.[4] Williamson failed to participate in his litigation after he requested pro bono counsel in May 2021. (ECF No. 14.) And Williamson did not provide any valid excuse for his dilatory conduct. (*See id.*)

*Second*, Judge Bongiovanni considered Williamson's failure to comply with court orders and respond to discovery requests—despite the fact that the Court extended discovery multiple times—and found that these defects prejudice Defendants. (R&R 4.) Unsurprisingly, Defendants have been left unable to prepare a full and complete defense. *See Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 693 (3d Cir. 1988)) (explaining that "prejudice," for the purpose of *Poulis* analysis, is not limited to conduct that causes "irremediable harm," but also includes "deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery").

*Third*, Judge Bongiovanni found that Williamson plainly has a history of dilatoriness. (R&R 5.) As mentioned, Williamson has failed to comply with multiple court orders (*see* ECF Nos. 18, 19) and has ignored numerous communications and discovery requests from Defendants (*see* ECF Nos. 20, 23).

*Fourth*, Judge Bongiovanni found that while Williamson's conduct was not in bad faith, it was willful. (R&R 5.) *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding that failing to comply with the court's orders and dragging out a case was willful and not merely

---

[4] Williamson failed to comply with multiple orders issued by the Court. (*See* ECF Nos. 18, 19, 21.) Defendants have been unable to conduct discovery due to Williamson's behavior. (*See* ECF Nos. 20, 23.)

negligent or inadvertent). Williamson has been absent from this lawsuit for over a year-and-a-half without good cause. Moreover, the record supports that Williamson received the communications from the Court as evidenced by the return receipts filed on the docket. (*See* ECF Nos. 22, 25.)

*Fifth*, Judge Bongiovanni found that in light of Williamson's record of unresponsiveness, there is no effective alternative sanction other than dismissal. (R&R 5.) The Third Circuit has held that "[d]istrict court judges confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). And monetary sanctions would not be an effective alternative here due to Williamson's financial situation. (*See generally* Williamson IFP Application, ECF No. 1-2.) *See Hoffman v. Palace Ent.*, 621 F. App'x 112, 115-16 (3d Cir. 2015) ("When a party lacks significant financial means, monetary penalties are not likely to have an impact." (citing *Emerson*, 296 F.3d at 191)).

*Finally*, Judge Bongiovanni found that there may be merit to Williamson's claims based on the proceedings. (R&R 6.) Indeed, the alleged use of pepper spray, kicking, and hitting by Defendants could support recovery under 42 U.S.C. § 1983. (*See* Compl. 3-6, ECF No. 1.) *See also Bacon v. Sherrer*, No. 06-0504, 2008 WL 906233, at *1 (D.N.J. Apr. 1, 2008) (analyzing a similarly alleged excessive force action under § 1983).

In sum, Judge Bongiovanni found that all but the last of the *Poulis* factors weighs in favor of dismissal. On its independent review of the R&R and the record, the Court finds Judge Bongiovanni's "reasoning is sound." *See Bank of Hope v. Chon*, No. 14-1770, 2020 WL 1188463, at *1 (D.N.J. Mar. 12, 2020) (adopting the R&R where the magistrate judge's reasoning was sound).

Case 3:19-cv-19153-MAS-TJB   Document 27   Filed 11/29/22   Page 5 of 5 PageID: 116

The Court has reviewed and carefully considered the R&R and underlying documents in this matter and finds good cause to adopt Judge Bongiovanni's findings. Accordingly,

IT IS, on this 29th day of November 2022, **ORDERED** that:

1. The Court **ADOPTS** the R&R (ECF No. 24) in full.
2. Williamson's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court shall close this case.

                                                                */s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**